UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL PAUL TUDOR,

        Petitioner,

v.

SHIRLEE A. HARRY,

        Respondant.
_____/

Case No. 1:05-CV-827

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Petitioner Michael Paul Tudor's Objections to United States Magistrate Judge Ellen S. Carmody's Order of October 4, 2006, denying Petitioner's Motion to Stay, Motion to Proceed In Forma Pauperis, Motion for Funds to Retain the Services of a Psychiatric Expert, Motion for Leave to Conduct Discovery, Motion to Expand the Record, and Motion for an Evidentiary Hearing. This Court reviews the Order for clear error in accordance with 28 U.S.C. § 636(b)(1)(A).

      Petitioner argues Judge Carmody's Order denying the Motions was clearly erroneous in finding that Petitioner procedurally defaulted Ground Eight of his habeas petition, ineffective assistance of appellate counsel, because such a claim cannot be raised on direct appeal. Petitioner asserts that because the claim could not have been brought in a direct appeal, it is not procedurally defaulted.

      After review, the Court agrees with Petitioner. It is true that ineffective assistance of appellate counsel, by its very nature, can not be brought on direct appeal. *See Hicks v. Straub*, 377 F.3d 538, 558 n.17 (6th Cir. 2004). However, the Court finds although this claim is not procedurally defaulted, it facially lacks merit, and therefore does not warrant the granting of Petitioner's Motions

to Stay, to proceed in forma pauperis, for funds to appoint a Psychiatric Expert, for leave to Conduct Discovery, to expand the Record, and for an evidentiary hearing.

To establish ineffective assistance of counsel, Petitioner must demonstrate his appellate counsel's performance was deficient such that it: 1) "fell below an objective standard of reasonableness" and 2) this deficient performance actually prejudiced him in that there is a reasonable probability that, but for counsel's deficient performance, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Petitioner argues his appellate counsel was ineffective when she did not allege a specific instance of prosecutorial misconduct and failed to allege ineffective assistance of trial counsel for failure to raise an insanity defense. (Br. at 69-70.) However, Petitioner's appellate counsel alleged other acts of prosecutorial misconduct on appeal including the cumulative effect of the prosecutorial misconduct throughout the trial. Petitioner also fails to show that the result would have been any different. Appellate counsel was likely engaging in a strategic decision, choosing certain instances of misconduct over another. Further, appellate counsel's decision not to argue ineffective assistance of trial counsel appears to be a logical appellate strategy, especially in light of the fact Petitioner has not shown he had a viable insanity defense at that time. Moreover, Petitioner fails to show that the result would have been any different and admits he does not know if there is any merit to the claim. Therefore, the Court finds that denying Petitioner's discovery motions was appropriate.

Petitioner admits Ground Six of his habeas petition, ineffective assistance of trial counsel, was not raised on direct review. Petitioner objects, however, to Judge Carmody's finding that federal review is likely barred because he did not establish the existence of cause and prejudice for his procedural default. Petitioner asserts he did establish cause and actual prejudice when he asserted

that his claim for ineffective assistance of trial counsel was not brought because of the ineffective assistance of appellate counsel, and also argued that prejudice could not be established without granting the Motions at issue.

The Court finds after review Petitioner did state in his Petition ineffective assistance of counsel as the cause for this claim's procedural default. (See Dkt. 5 at 69-71.) However, the Court finds that Petitioner has failed to adequately demonstrate prejudice. Indeed, Petitioner merely conjectures that his Motions should be granted because they might show such prejudice. The Court finds this reasoning circular and if followed would entitle a petitioner to expand the record or conduct discovery on any issue. *See Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (finding similar circular logic when petitioner demands an evidentiary hearing to prove prejudice); *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (holding habeas petitioners have no automatic right to discovery and granting leave to do so it is within the discretion of the judge for good cause shown). Therefore, where Petitioner has failed to show that his procedurally defaulted claim resulted in prejudice, it is unlikely that this Court will be able to review the procedurally defaulted claim. Accordingly, Judge Carmody's denial of the aforementioned Motions will be affirmed.

Petitioner objects that Judge Carmody's reasoning was flawed in denying an evidentiary hearing on his ineffective assistance of counsel claims pursuant to 28 U.S.C. § 2254(e)(2). Petitioner asserts he was diligent in seeking an evidentiary hearing in his state court post-conviction hearings and therefore, his motion should be granted. Although the Court notes Petitioner did request evidentiary hearings at the state court level, the record is sufficient to examine these claims (as evidenced above). Even when a petitioner is diligent in requesting an evidentiary hearing, the district

court abuses its discretion in denying an evidentiary hearing only if the petitioner can demonstrate "(1) the grounds he alleges are sufficient to secure his release from custody, (2) relevant facts are in dispute, *and* (3) the state court did not provide a full and fair evidentiary hearing." *Washington*, 455 F.3d 731 (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)).  As discussed previously, Petitioner has failed to make a showing that the result of his trial or his direct appeal would have been different if his counsel had not erred.  Further, "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring . . . an evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  Petitioner argues prejudice cannot be shown until he has received an evidentiary hearing to determine the prejudice exists; however, this "reasoning is 'circular' and would entitle every habeas defendant to an evidentiary hearing on any issue." *Washington*, 455 F.3d at 733.  Therefore, Judge Carmody's Order denying this request was not in clear error and will be affirmed.

Petitioner objects to the fact that Judge Carmody failed to consider granting the Motion for an Evidentiary Hearing with respect to Petitioner's claim that the trial court failed to suppress a custodial statement taken involuntarily and where Petitioner was denied an attorney (third ground for relief), violating his Fifth and Fourteenth Amendment rights.  Although the Order did not specifically address Petitioner's third claim of relief, it was not clear error to deny the Motion for an Evidentiary Hearing.  The trial court held a two-day evidentiary hearing on the issue and Petitioner brought this claim on direct appeal.  The Court finds Petitioner has failed to show that there are any factual disputes to warrant an evidentiary hearing.  Accordingly, Judge Carmody's Order denying the requested evidentiary hearing will be affirmed.

Therefore, the Court will grant in part and deny in part Petitioner's Objections to the Order. However, the Court will deny all of Petitioner's Motions. An Order consistent with this Opinion shall issue.

Dated in Kalamazoo, MI:        /s/Richard Alan Enslen
February 16, 2007        Richard Alan Enslen
      Senior United States District Judge