UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL PAUL TUDOR,

        Petitioner,

v.

SHIRLEE A. HARRY,

        Respondant.
_____/

Case No. 1:05-CV-827

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Petitioner Michael Paul Tudor's Objections to United States Magistrate Judge Ellen S. Carmody's Order of September 14, 2006, denying Petitioner's Motion to Appoint Counsel. This Court reviews the Order for clear error in accordance with 28 U.S.C. § 636(b)(1)(A).

      Petitioner asserts Judge Carmody was in error when she applied 28 U.S.C. § 1915(e)(1) rather than the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), to determine whether to appoint counsel. The Court finds that Petitioner is correct in asserting that the correct statute in which to determine whether to appoint counsel for an indigent petitioner in a Section 2254 action is 18 U.S.C. § 3006A(a)(2)(B). Pursuant to Section 3006A(a)(2)(B),

> (2) Whenever the United States Magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who. . .
>
>     (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

As Petitioner is seeking relief under Section 2254, the application of 28 U.S.C. § 1915(e)(1) was clear error.

Petitioner also avers, pursuant to Section 3006A, he is entitled to the appointment of counsel. However, the Court finds although the wrong standard was utilized, Judge Carmody arrived at the correct result.

A petitioner in a habeas proceeding has no constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Further, the decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

> 'Habeas corpus is an extraordinary remedy for unusual cases' and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not attain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.

*Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)). The appointment of counsel in habeas proceedings is only mandatory if the district court determines that an evidentiary hearing is required; otherwise, the decision remains discretionary. *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action "exist where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present it." *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (5th Cir. 1982)).

In the present action, Petitioner has submitted a habeas claim which has raised multiple issues for habeas relief. Petitioner's claims were sufficiently clear, coherently organized and well presented such that the Court does not foresee any difficulty in weighing the merits of the claim. Further, to the extent Petitioner argues that appointment of counsel is appropriate because of his need to expand

the record, his request for an evidentiary hearing and his need for a psychiatric evaluation, the Court has affirmed Judge Carmody's denial of these requests in a separate Order. As a result, the Court does not find it in the interest of justice to appoint counsel for Petitioner. Accordingly, Petitioner's Motion to Appoint Counsel, pursuant to Section 3006A(2)(b), is denied.

**THEREFORE, IT IS HEREBY ORDERED** Petitioner's Objections to the Magistrate Judge's Order of September 14, 2006 (Dkt. No. 76) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Order of September 14, 2006 (Dkt. No. 38) is **AFFIRMED**.

Dated in Kalamazoo, MI:              /s/Richard Alan Enslen
February 16, 2007                    Richard Alan Enslen
                                     Senior United States District Judge