UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL P. TUDOR,
      Petitioner,

No. 1:05-cv-827

-v-

HONORABLE PAUL L. MALONEY

SHIRLEE HARRY,
      Respondent.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, WITH
MODIFICATIONS, OVER OBJECTIONS

Michael Tudor, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge issued a report recommending the petition be denied. Tudor (Petitioner) filed objections.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically

---

[1]The rule has since been amended to allow fourteen days for objections. Petitioner moved for, and was granted, an extension of time to file his objections. The objections were timely filed.

consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Unless otherwise noted, for each specific objection identified below, the court has reviewed the record *de novo*.

ANALYSIS

OBJECTION 1 - Claims raised on direct appeal

The magistrate judge found, on direct appeal to the Michigan Supreme Court, Petitioner asserted only four of the seven claims asserted to the Michigan Court of Appeals. Petitioner objects. Petitioner was represented by counsel on direct appeal to the Court of Appeals, but proceeded pro se on direct appeal to the Michigan Supreme Court. Petitioner insists the court form states that all issues raised in the Court of Appeals are to be considered by the Supreme Court.

Petitioner's objection is OVERRULED. Petitioner specifically identified four issues he wanted the Supreme Court to consider. (Exhibit D to Petition.) The four issues Petitioner raised and explained were (1) insufficient evidence of premeditation, (2) introduction of prejudicial and irrelevant evidence at trial, (3) prosecutorial misconduct, and (4) cumulative effect of errors undermined his right to a fair trial. These four issues were Claims I, II, VI, and VII, respectively, at the Court of Appeals. Petitioner did not ask the Supreme Court to consider Claim III (failure to reread testimony), Claim IV (suppression of incriminating statement), or Claim V (admission of

hearsay evidence) from the Court of Appeals. In order to entertain a claim in a § 2254 motion, a petitioner must first have exhausted his or her state court remedies with regard to that claim. 28 U.S.C. § 2254(b)(1)(A). In order to exhaust the claim, a petitioner "must fairly present" the claim in each appropriate state court, including the state supreme court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In *Baldwin*, the Supreme Court stated "[w]e consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). The application for leave to appeal to the Michigan Supreme Court does not "fairly present" the claims raised below, but not specifically discussed in the application.

OBJECTION 2 - Clarity of issues in Petitioner's motion for relief from judgment

The magistrate judge commented, in a footnote, that the record was not clear what issues Petitioner asserted in his motion for relief from judgment. Petitioner objects. Petitioner filed his 6.500 motion, the motion for relief from judgment, pro se. Petitioner insists the record is quite clear.

Petitioner's objection is SUSTAINED. Petitioner's 6.500 motion was attached as Exhibit F to his petition. Petitioner's brief and motion speak for themselves. In his 6.500 motion, Petitioner raised five issues. Whether the issues raised in the 6.500 motion were sufficiently clear does not ultimately impact the outcome of this petition.

OBJECTION 3 - Sufficiency of the Evidence (Habeas Claim 1)

Petitioner asserts the prosecution did not put forth sufficient evidence for a rational trier of fact to find him guilty beyond a reasonable doubt of first degree murder. Specifically, Petitioner asserts there was insufficient evidence of premeditation. The magistrate judge concluded, viewing

3

the evidence in a light most favorable to the prosecution, the evidence presented was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Petitioner objects. Petitioner refers the court to the brief he previously filed.[2] (Dkt. No. 5.) Petitioner also objects that the magistrate judge required him to put forth evidence that he was attacked by the victim.

Petitioner's objection is OVERRULED. The magistrate judge accurately summarizes the evidence presented and accurately summarized the law. The court acknowledges Petitioner did not need to prove he acted in self defense for the purpose of determining whether the evidence presented was sufficient to support the charge of murder in the first degree. The court has reviewed the portion of the brief referred to by Petitioner. Although he offered one version of the events that unfolded, all of the evidence presented, when viewed in the light most favorable to the prosecution, provided a sufficient factual basis from which a rational trier of fact to find Petitioner guilty beyond a reasonable doubt. Accordingly, the recommendation in the report on this issue is ADOPTED over objections as the opinion of this court.

OBJECTION 4 - Improper admission of evidence (Habeas Claim 2)

Petitioner claims the trial court improperly admitted evidence that he followed his former girlfriend the week before the shooting and improperly admitted evidence of his alleged suicide attempt earlier in the year. The magistrate judge concluded the evidence did not deprive Petitioner

---

[2] The Sixth Circuit Court of Appeals has declined to announce a general rule that every attempt to incorporate other documents by reference, in lieu of spelling out specific objections to a report and recommendation, will be deemed insufficient. *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994). An objection is sufficiently specific when it explains and cites the specific portions of the report the objectioning party finds problematic. *Robert v. Tesson*, 507 F.3d 981, 994 (6h Cir. 2007). General, non-specific objections, incorporating by reference arguments all raised in another brief will ordinarily not provide the specificity required. *See Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir. 1997); *Howard v. HHS*, 932 F.2d 505, 509 (6th Cir. 1991).

of a fair trial, did not involve an unreasonable application of clearly established federal law, and was not an unreasonable determination of facts in light of the evidence presented. Petitioner objects. Petitioner claims the magistrate judge used an improper standard of review. Petitioner insists the state courts evaluated his evidentiary claims under state law only and not under the federal Constitution. Petitioner concludes he is entitled to a *de novo* review of his evidentiary claims rather than the deferential review under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 534-38 (2003)).

Petitioner's objection is OVERRULED. The magistrate judge correctly explained that Petitioner had to establish a constitutional error related to the admission of the evidence, rather than establishing that the evidentiary ruling was improper. The Sixth Circuit has clarified the appropriate standard of review in AEDPA cases when the defendant, in state courts, can or does raise both a constitutional and state law basis for a claim and the state courts address only the state law basis. In such situations, where the state law inquiry bears "some similarity" to the constitutional determination, a "modified AEDPA deference is appropriate." *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007) (citing *Maldonado v. Wilson*, 416 F.3d 470, 474-75 (6th Cir. 2005)). *Bey* is particularly instructive here. *Bey* involved a § 2254 motion in which the petitioner alleged the Ohio courts erred in admitting "other acts" evidence at his trial. *Id.* at 519. In the state courts, the petitioner relied on Ohio's Rules of Evidence. *Id.* The state courts rejected his claim, finding the probative value outweighed any unfair prejudice. *Id.* at 520. In his § 2254 motion, the petitioner relied on the Due Process Clauses of the Fifth and Fourteenth Amendments to assert that the admission of the evidence rendered the trial fundamentally unfair. *Id.* 519-20. The Sixth Circuit

5

found the state court's prejudice inquiry bore some similarity to the constitutional determination and applied the deferential AEDPA standard. *Id.* at 520. The standard required the court to "conduct a careful review of the record and applicable law," but barred reversal "unless the state court's decision was contrary to or an unreasonable application" of Supreme Court precedent. *Id.* (quoting *Maldonado*, 416 F.3d at 476). Because the state court did not rely on federal law to reach its decision, the issue in the § 2254 motion is not whether the state court's decision was an unreasonable application of federal law, but whether the decision was contrary to federal law.[3] *Id.*

Here, Petitioner's brief on direct appeal invoked his constitutional rights, but relied primarily on Michigan law to explain why the trial court's evidentiary ruling was erroneous. (Exhibit B to Petition at 20-24.) On direct appeal, the Michigan Court of Appeals agreed with the trial court that the evidence was relevant and probative for at least one legitimate purpose. *People v. Tudor*, No. 222684, slip op. at 2 (Mich. Ct. App. Feb. 1, 2002). Compliance with Michigan's law of evidence may be contrary to established Supreme Court precedent if (1) the state law itself contradicts Supreme Court precedent or (2) the state's application of the rule of evidence violates a Supreme Court precedent under the particular circumstances of the case. *Bey*, 500 F.3d at 521. Petitioner has not suggested, nor has he established, that Michigan's rule of evidence at issue is contrary to any Supreme Court precedent. Petitioner has not established that the evidence admitted was *unfairly* prejudicial. *Id.* at 522. The category of infractions that violate the "fundamental fairness" of a trial, as guaranteed by the Due Process Clause is very narrow. *Id.* (citing *Dowling v. United States*, 493 U.S. 342, 342 (1990)). The evidence was admitted to show the nature of Petitioner's relationship

---

[3]Because the state court did not rely on federal law to reach its decision, the magistrate judge erred in finding the state court's decision was not an unreasonable application of clearly established federal law.

6

with his girlfriend and the intensity of his feelings for her and their children. Accordingly, the recommendation in the report is MODIFIED and adopted as the opinion of this court. Specifically, the court adopts all of the portion of the report on this issue except the conclusion that the state court's decision was not an unreasonable application of clearly established federal law. The issue is whether the state court's decision was contrary to federal law.

OBJECTION 5 - Statements made while in custody (Habeas Claim III)

Petitioner claims, while he was in custody, he requested an attorney and was denied access to an attorney prior to being questioned. The magistrate judge concludes this issue was not properly exhausted because Petitioner did not raise this issue to the Michigan Supreme Court on direct appeal, or in his post-conviction motions. The magistrate judge also concludes the issue lacks merit. Petitioner objects. Petitioner argues the form he filled out for his appeal states that all issues before the Court of Appeals are raised to the Supreme Court. Petitioner also argues the issue is meritorious. As explained earlier, Petitioner did not fairly present this issue to the Michigan Supreme Court. Neither did Petitioner raise this issue in his post-conviction motions. Therefore, Petitioner did not exhaust this claim. Accordingly, the recommendations in the report are MODIFIED and adopted as the opinion of this court. Specifically, the court adopts the portion of the report on this issue concluding the claim was not properly exhausted and therefore the claim cannot form the basis for federal habeas relief. The court declines to address the issue on the merits.

OBJECTIONS 6 through 9 - Right to counsel and Voluntariness of statement

Petitioner's objections 6 through 9 are OVERRULED. Because the court concludes Petitioner failed to properly exhaust his claim that the statements made while in custody should have been excluded, these three objections are moot. Through these objections, Petitioner alleges the

7

magistrate judge erred with regard to the merits of his claim. The court has declined to address the issue on the merits.

OBJECTION 10 through 13 - Prosecutorial misconduct (Habeas Claim IV)

Petitioner claims the prosecutor made numerous improper comments, primarily during the selection of the jury and during closing arguments. The Michigan Court of Appeals concluded the errors asserted, singularly or cumulatively, did not render Petitioner's trial unfair. The magistrate judge addressed each particular instance and concludes the comments were not unfairly prejudicial, in some cases, and not improper, in others. The magistrate judge concludes the state court decision was neither an unreasonable application nor contrary to clearly established federal law. Petitioner objects.

Petitioner's objections are OVERRULED. Petitioner's objections are not sufficiently specific to invoke a *de novo* review. Other than the fact that he disagrees with the magistrate judge, Petitioner has not identified any factual or legal error in the magistrate judge's report and recommendation. A blanket referral to a previously filed brief does not address the specific reasoning used or the conclusions rendered in the report  The court has reviewed the report and recommendation, finds the summary of the facts and the law accurate and well-reasoned, and ADOPTS this portion of the report as the opinion of this court.

OBJECTIONS 14 and 15 - Cumulative effect of prosecutorial errors (Habeas Claim V)

In the Sixth Circuit, "cumulative errors claims are not cognizable on habeas because the Supreme Court has not spoken on this issue." *Cross v. Stovall*, 238 F.App'x 32, 41 (6th Cir. 2007) (quoting *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) (citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005))). Petitioner argues the magistrate judge erred in reaching this conclusion

because *Moore* cites *Lorraine v. Coyle*, 291 F.3d 415, 447 (6th Cir. 2002). Petitioner asserts *Lorraine* is not good authority on the issue. Petitioner directs the court to his reply brief (Dkt. No. 14) where he argued the United States Supreme Court has upheld a cumulative error analysis, citing *Kyles v. Whitely*, 514 U.S. 419, 421 (1995)[4] and *O'Neil v. McAninch*, 513 U.S. 432, 435-36 n.25 (1995)[5].

Petitioner's objections are OVERRULED. Petitioner's objection 14 merely refers the court to his earlier brief. Consequently, the objection is too general and lacks the specificity required to invoke a *de novo* review. Petitioner has not identified what factual or legal error is contained in the report and recommendation. Petitioner's objection 15 concerns whether the Supreme Court has condoned a cumulative error analysis in habeas claims. The authority cited by Petitioner does not support his conclusion that the Sixth Circuit has erred. *Kyles* involved the cumulative effect of suppressed evidence favorable to the defense rising to a material level of importance. 514 U.S. at 437-38. The claim at issue in Petitioner's case does not involve suppressed evidence favorable to the defense. *O'Neil* did not involve a cumulative error analysis at all. 513 U.S. 435 ("But we consider here the legal rule that governs the special circumstance in which the record review leaves the conscientious judge in grave doubt about the likely effect of an error on the jury's verdict."). This court is bound by the multiple panel opinions of the Sixth Circuit holding that, post AEDPA, a cumulative error analysis is not an available remedy for habeas relief. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

---

[4]Petitioner's pinpoint citation is to a portion of the syllabus, not the opinion of the court.

[5]There are no footnotes in the *O'Neil* opinion.

REMAINING CLAIMS (Habeas Claims VI, VII, VIII)

Petitioner's remaining claims assert ineffective assistance of counsel for failing to seek an independent psychiatric evaluation for the purpose of pursuing an insanity defense (Claim VI), prosecutorial misconduct for interruptions during defense counsel's closing argument (Claim VII), and ineffective assistance of appellate counsel (Claim VIII). Petitioner raised these issues for the first time in his pro se post-conviction 6.500 motion to the trial court. The magistrate judge concludes the three claims are subject to procedural default because the state court declined to address the claims due to failure to satisfy state procedural requirements. The magistrate judge also concludes Petitioner cannot establish he suffers any prejudice or that there exists any fundamental miscarriage of justice because the three claims lack merit.

OBJECTION 16 - Ineffective assistance of appellate counsel

Petitioner objects to the conclusion that his ineffective assistance of appellate counsel has been procedurally defaulted, citing *Whiting v. Burt*, 395 F.3d 602, 614-15 n. 7 (6th Cir. 2005) and *Satterlee v. Wolfenbarger*, 374 F.Supp.2d 562, 572 (E.D. Mich. 2005). Indeed, the Sixth Circuit has explained that an ineffective assistance of appellate counsel claim, in all probability, cannot be raised on direct appeal because appellate counsel would be forced to argue he or she was currently providing ineffective assistance. *Munson v. Kapture*, 384 F.3d 310, 315 n. 2 (6th Cir. 2004).

Petitioner's objection if OVERRULED. The magistrate judge acknowledged, in a footnote, that Petitioner could not have argued ineffective assistance of appellate counsel in his direct appeal to the Michigan Court of Appeals. (R&R at 48 n. 4.) The magistrate judge noted Petitioner did not raise the claim concerning appellate counsel in his direct appeal, the application for leave, to the Michigan Supreme Court. As is explained below, whether the appellate counsel claim was

procedurally defaulted is ultimately without consequence. Although Petitioner's appellate counsel claim might establish cause for the procedural defaults of his ineffective assistance of trial counsel claims, he cannot establish prejudice. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

OBJECTIONS 17 through 19 - Ineffective assistance of trial counsel

The court finds the report accurately summarizes the facts and law. The recommendations are well-reasoned. Petitioner's claim that the prosecutor's correction of a name during defense counsel's closing argument was a flagrant appeal for sympathy is utterly without merit. Petitioner has offered no evidence suggesting that he lacked the substantial capacity to appreciate the nature and quality of the wrongfulness of his conduct or lacked the capacity to conform his conduct to the requirements of the law. Petitioner's objections are OVERRULED. This portion of the report is ADOPTED as the opinion of this court.

OBJECTIONS 20 and 21 - Ineffective assistance of appellate counsel

Having agreed with the conclusion in the report that trial counsel was not ineffective, Petitioner cannot establish prejudice for appellate counsel's failure to raise the claims identified. Accordingly, Petitioner's objections are OVERRULED. This portion of the report is ADOPTED as the opinion of this court.

CONCLUSION

The court generally adopts the report and recommendation as the opinion of the court, with the modifications outlined above. Petitioner is not entitled to habeas relief.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Having reviewed the record for the purpose of a certificate of appealability, the court concludes reasonable jurists could not disagree with the manner in which the claims were resolved. Petitioner did not fairly present, to the Michigan Supreme Court, the issue of his custodial statements. The evidence presented, viewed in a light most favorable to the prosecution, allowed a trier of fact to find him guilty of murder in the first degree beyond a reasonable doubt. The evidence admitted over his objections was relevant and was not unfairly prejudicial. Petitioner cannot establish prejudice from either trial or appellate counsel's performance.

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation is ADOPTED, with modifications, over objections, as the opinion of this court.

2. The petition for writ of habeas corpus is DENIED.

3. A certificate of appealability is DENIED.

Date:  May 27, 2010             /s/ Paul L. Maloney
                                Paul L. Maloney
                                Chief United States District Judge